UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>             Plaintiff,<br><br>      v.<br><br>LEGO Systems, Inc. and<br>LEGO A/S,<br><br>             Defendants. | Civil Action No. 3:21-CV-1678 (JBA)<br><br><br><br><br><br><br><br>APRIL 22, 2022 |

**DEFENDANT LEGO SYSTEMS, INC.'S MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant LEGO Systems, Inc. ("LSI"), by and through undersigned counsel, hereby moves to dismiss the Second Amended Complaint for failure to state a claim upon which relief may be granted.

The Second Amended Complaint asserts claims against LSI for copyright infringement, 17 U.S.C. § 101 (Count I), trade dress infringement and unfair competition, 15 U.S.C. § 1125(a) (Count IV), and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*. ("CUTPA") (Count V), based on allegations that the "jacket" worn by the Antoni Porowski LEGO® Minifigure figurine (the "Antoni Minifigure Figurine") in the *Queer Eye – The Fab 5 Loft* LEGO® construction toy set (the "Queer Eye Set") infringes rights held by Plaintiff James Concannon in certain designs that he painted, *gratis*, on a black Mackage® brand leather jacket owned by Mr. Porowski (the "Porowski Jacket").

The Antoni Minifigure Figurine is not substantially similar to the Porowski Jacket and, should this matter proceed past the motion to dismiss stage, LSI will prevail in demonstrating that Mr. Concannon cannot prove a prima facie case for copyright infringement or trade dress infringement.

-2-

Nevertheless, as fully set forth in the accompanying memorandum of law, the Second Amended Complaint should be dismissed, at this stage of the litigation, pursuant to Fed. R. Civ. P. 12(b)(6) because, based on the facts alleged and documents incorporated therein by reference, it fails to state a claim upon which relief may be granted.  First, the copyright infringement claim (Count I) should be dismissed because the LEGO Group of Companies has a valid license to Mr. Porowski's license which includes the Porowski Jacket and, separate and independent of the license, even assuming *arguendo* that Mr. Concannon could show substantial similarity, LSI's alleged use of the copyrighted work constitutes fair use.  Second, the trade dress claim (Count IV) should be dismissed because Mr. Concannon has failed to plead the *prima facie* elements of trade dress infringement and unfair competition.  Third, because the CUTPA claim (Count V) is based on alleged violations of the Lanham Act it must also be dismissed because the Second Amended Complaint fails to state a claim for trade dress infringement.  For these reasons, and those set forth in the accompanying memorandum of law, the Second Amended Complaint fails to state a claim against LSI and must be dismissed.

WHEREFORE, LSI respectfully requests that the Court grant this Motion and dismiss the Second Amended Complaint in its entirety as to LSI.[1]

---

[1] LEGO A/S had not been served prior to the March 15, 2022 pre-filling conference and, therefore, was unable to join in this motion to dismiss.  However, at the March 15, 2022 pre-filing conference, the Court noted that Mr. Concannon could not again amend the Second Amended Complaint to overcome the grounds for dismissal LSI raised at the pre-filing conference.  The Court should dismiss Counts I, IV, and V against LEGO A/S for failure to state a claim upon which relief can be granted for the same reasons that it should dismiss these claims against LSI.

-3-

                                                Respectfully submitted,

By:   */s/ Elizabeth A. Alquist*
       Elizabeth A. Alquist (ct15643)
       Andraya Pulaski Brunau (ct29715)
       Day Pitney LLP
       242 Trumbull Street
       Hartford, CT 06103-1212
       Telephone:  (860) 275-0137
       Facsimile:   (860) 881-2456
       *eaalquist@daypitney.com*
       *abrunau@daypitney.com*

       *Attorneys for Defendant LEGO Systems, Inc.*

-4-

## CERTIFICATION

     I hereby certify that on April 22, 2022, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                                             */s/ Andraya P. Brunau*_____
                                                                                            Andraya P. Brunau