UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>              Plaintiff,<br><br>   v.<br><br>LEGO Systems, Inc. and<br>LEGO System A/S,<br><br>              Defendants. | Civil Action No. 3:21-CV-1678 (JBA)<br><br><br><br><br><br><br><br>September 2, 2022 |

**DEFENDANT LEGO SYSTEM A/S'S SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

<div align="right">

Elizabeth A. Alquist (ct15643)
Andraya Pulaski Brunau (ct29715)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone:  (860) 275-0137
Facsimile:   (860) 881-2456
*eaalquist@daypitney.com*
*abrunau@daypitney.com*

*Attorneys for Defendants LEGO Systems*,
*Inc. and LEGO System A/S*

</div>

-1-

-i-

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1
FACTUAL BACKGROUND .................................................................................................... 3
STANDARD OF REVIEW ....................................................................................................... 3
ARGUMENT .............................................................................................................................. 3

    I.    Mr. Concannon's Claims for Copyright Infringement (Count I), Trade Dress Infringement and Unfair Competition (Count IV), and Violation of CUTPA (Count V) Should Be Dismissed For the Reasons Set Forth in LSI's Memorandum and Reply. ................................................................................................................. 3

    II.   Mr. Concannon's Contributory Copyright Infringement Claim (Count II) Should Be Dismissed Because the Third Amended Complaint Fails to Plead Sufficiently A Claim for Direct Copyright Infringement. ........................................................... 4

    III.  Mr. Concannon's Vicarious Copyright Infringement Claim (Count III) Should Be Dismissed Because the Third Amended Complaint Fails to Plead Sufficiently A Claim for Direct Copyright Infringement. ........................................................... 5

CONCLUSION ........................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. Murdoch*,
   No. 10-CV-05613, 2011 WL 2802923 (S.D.N.Y. July 14, 2011),
   *aff'd*, 502 F. App'x 107 (2d Cir. 2012)....................................................................................5

*Arista Recs. LLC v. Lime Grp. LLC*,
   784 F. Supp. 2d 398 (S.D.N.Y. 2011)......................................................................................4

*Faulkner v. Nat'l Geographic Enterprises Inc.*,
   409 F.3d 26 (2d Cir. 2005).......................................................................................................4

*Graduation Sols., LLC v. Acadima, LLC*,
   No. 3:17-CV-01342, 2020 WL 1466204 (D. Conn. Mar. 26, 2020) .......................................4

*IF Merch., LLC v. Kangaroo Mfg., Inc.*,
   No. 3:17-CV-01230, 2019 WL 4306996 (D. Conn. Sept. 11, 2019).......................................4

*Lopez v. Bonanza.com, Inc.*,
   No. 17-CV-08493, 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019)..........................................4

*Marvullo v. Gruner & Jahr*,
   105 F. Supp. 2d 225 (S.D.N.Y. 2000)......................................................................................4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005)..............................................................................................................4, 6

*Oban US, LLC v. Nautilus, Inc.*,
   No. 3:13-CV-1076 (JBA), 2014 WL 2854539 (D. Conn. June 23, 2014)...............................4

*Ranieri v. Adirondack Dev. Grp., LLC*,
   164 F. Supp. 3d 305 (N.D.N.Y. 2016).....................................................................................5

*Smith v. BarnesandNoble.com, LLC*,
   143 F. Supp. 3d 115 (S.D.N.Y. 2015),
   *aff'd on other grounds*, 839 F.3d 163 (2d Cir. 2016) ..............................................................4

*UMG Recording, Inc. v. Escape Media Grp., Inc.*,
   No. 11-CV-08407, 2014 WL 5089743 (S.D.N.Y. Sept. 29, 2014)..........................................5

*Yash Raj Films (USA) Inc. v. Kumar*,
   No. 05-CV-03811, 2009 WL 3046721 (E.D.N.Y. Sept. 23, 2009) .........................................5

Defendant LEGO System A/S ("LSAS"), by and through undersigned counsel, hereby joins defendant LEGO Systems, Inc.'s ("LSI") Motion to Dismiss the Second Amended Complaint (ECF No. 34, 35, 37, and 45) ("LSI's Motion to Dismiss"), the arguments of which are equally applicable to the operative Third Amended Complaint (ECF No. 48), and respectfully submits this Supplemental Memorandum of Law which sets forth additional argument in favor of dismissal of Counts II and III of the Third Amended Complaint consistent with the Court's September 1, 2022 Order granting LSAS's Motion for Permission to Join LSI's Motion to Dismiss and to File a Supplemental Memorandum (ECF No. 52, 55).

## INTRODUCTION

Plaintiff James Concannon ("Mr. Concannon") commenced this action for copyright and trade dress infringement, and unfair trade practices, by way of Complaint dated December 17, 2021 (ECF No. 1). On March 29, 2022, Mr. Concannon filed the Second Amended Complaint (ECF No. 30) which asserted claims against LSI and LEGO A/S for copyright infringement (Count I), federal trade dress infringement and unfair competition (Count IV), and violation of the Connecticut Unfair Trade Practices Act, and claims against LEGO A/S for contributory and vicarious copyright infringement (Counts II and III). On April 22, 2022, LSI filed its Motion to Dismiss seeking dismissal of the entire Second Amended Complaint.

On June 13, 2022, Mr. Concannon filed the Third Amended Complaint[1] (ECF No. 48), which substituted LSAS for LEGO A/S, and a Notice of Dismissal as to LEGO A/S (ECF

---

[1] The operative Third Amended Complaint asserts claims against LSI and LSAS for copyright infringement, 17 U.S.C. § 101 (Count I), trade dress infringement and unfair competition, 15 U.S.C. § 1125(a) (Count IV), and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA") (Count V), and claims against LSAS for contributory copyright infringement (Count II) and vicarious copyright infringement (Count III), based on allegations that the "jacket" worn by the Antoni Porowski LEGO® Minifigure figurine (the "Antoni Minifigure Figurine") in the Queer Eye – Fab 5 Loft LEGO Set (the "Queer Eye Set") infringes rights allegedly held by Mr. Concannon in certain designs that he painted, *gratis*, on a black Mackage® brand leather jacket owned by Mr. Porowski.

-2-

No. 47), following the exchange of responses to agreed-upon discovery which demonstrated that LEGO A/S had no involvement in the underlying dispute. *See* Stipulation, ECF No. 46. The Third Amended Complaint made only minor changes to paragraphs 9–12, 16, 46, 55, 78–82, 86-88, and 94–98 (*see* ECF No. 46-2) to reflect the substitution of LSAS for former defendant LEGO A/S, and otherwise is identical to the Second Amended Complaint, and has the same paragraph numbers. Stipulation, ECF No. 46, at 2. The Parties agreed that LSI's fully briefed Motion to Dismiss should proceed because the substantive allegations remain the same.[2] *Id.*

LSAS hereby joins LSI's Motion to Dismiss, incorporates by reference the arguments set forth in LSI's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 35-2) ("LSI's Memorandum") and LSI's Reply Memorandum in Further Support of its Motion to Dismiss (ECF No. 45) ("LSI's Reply"), and submits this Supplemental Memorandum which sets forth additional arguments supporting the dismissal of Counts II and III of the Third Amended Complaint. As discussed herein, Count II (contributory copyright infringement) and Count III (vicarious copyright infringement) should be dismissed because Mr. Concannon has failed to plead sufficiently a claim for direct copyright infringement (Count I) for all of the reasons set forth in LSI's Memorandum and Reply.

---

[2] All paragraph numbers remained between the Second Amended Complaint (ECF No. 30) and the Third Amended Complaint (ECF No. 48); therefore, all citations contained in LSI's Memorandum and Reply in support of its Motion to Dismiss the Second Amended Complaint may be applied to the Third Amended Complaint.

## FACTUAL BACKGROUND

LSAS incorporates by reference the Factual Background section set forth in LSI's Memorandum.[3]  *See* LSI's Memorandum, ECF No. 35-2, at 2–7.

## STANDARD OF REVIEW

LSAS incorporates by reference the Standard of Review section set forth in LSI's Memorandum.  *Id.* at 7–8.

## ARGUMENT

**I.   MR. CONCANNON'S COPYRIGHT INFRINGEMENT (COUNT I), TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION (COUNT IV), AND CUTPA (COUNT V) CLAIMS SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN LSI'S MEMORANDUM AND LSI'S REPLY.**

Counts I, IV and V of the Third Amended Complaint purport to assert claims against LSI and LSAS for copyright infringement, trade dress infringement and unfair competition, and violation of CUPTA, respectively. The substantive allegations in the Third Amended Complaint with respect to these counts are identical to those in the Second Amended Complaint, and the arguments set forth in LSI's Memorandum (ECF No. 35-2) and Reply (ECF No. 45) are equally applicable to dismissal of Counts I, IV, and V in the Third Amended Complaint.  In the interest of efficiency, LSAS incorporates by reference the arguments set forth in LSI's Memorandum and Reply with respect to Counts I, IV and V.  *See* LSI's Memorandum, ECF No. 35-2, at 8–25 (arguments for dismissal of Count I), 25–38 (arguments for dismissal of Count IV), and 38–39 (arguments for dismissal of Count V); *see also* LSI's Reply, ECF No. 45.

---

[3] As noted *supra*, Mr. Concannon made only minor changes to paragraphs 9–12, 16, 46, 55, 78–82, 86–88, and 94–98 (*see* ECF No. 46-2) to reflect the substitution of LSAS for former defendant LEGO A/S.

## II. MR. CONCANNON'S CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIM (COUNT II) SHOULD BE DISMISSED BECAUSE THE THIRD AMENDED COMPLAINT FAILS TO PLEAD SUFFICIENTLY A CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT.[4]

"To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another." *Lopez v. Bonanza.com, Inc.*, No. 17 CIV. 8493, 2019 WL 5199431, at *24 (S.D.N.Y. Sept. 30, 2019) (citation and internal quotation marks omitted) (alterations in original). Importantly, "there can be no contributory infringement absent actual infringement[.]" *Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26, 40 (2d Cir. 2005).

Here, Mr. Concannon's contributory copyright infringement claim (Count II) must be dismissed because, for the reasons set forth in LSI's Memorandum and Reply, he has failed to plead sufficiently a claim for direct copyright infringement. *Faulkner*, 409 F.3d at 40; *Smith v. BarnesandNoble.com, LLC*, 143 F. Supp. 3d 115, 124 (S.D.N.Y. 2015), *aff'd on other grounds*, 839 F.3d 163 (2d Cir. 2016) ("To recover under this theory, 'a plaintiff must first establish direct infringement by the relevant third party'") (citation omitted); *see also Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 229 (S.D.N.Y. 2000) ("Since the amended complaint fails to

---

[4] Mr. Concannon cites 17 U.S.C. §§ 106, 506 for his claims of contributory and vicarious copyright infringement. 3d Am. Compl., Count II ¶ 89; *id.*, Count III, ¶ 99. Such claims are founded in common law and are not derived from statute. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted). "New York courts have recognized the possibility for secondary liability under the common law." *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 436 (S.D.N.Y. 2011). At least some Connecticut courts have recognized the possibility for such claims and cited New York case law as precedent. *See IF Merch., LLC v. Kangaroo Mfg., Inc.*, No. 3:17-CV-01230, 2019 WL 4306996, at *6 (D. Conn. Sept. 11, 2019) (citations omitted); *see also Graduation Sols., LLC v. Acadima, LLC*, No. 3:17-CV-1342, 2020 WL 1466204, at *18 (D. Conn. Mar. 26, 2020) (citations omitted); *see also Oban US, LLC v. Nautilus, Inc.*, No. 3:13-CV-1076 (JBA), 2014 WL 2854539, at *7 (D. Conn. June 23, 2014). For purposes of this Motion, LSAS assumes that claims for contributory and vicarious copyright infringement are available under Connecticut common law, and focuses its argument on the Third Amended Complaint's failure to sufficiently plead such claims.

Case 3:21-cv-01678-JBA   Document 57   Filed 09/02/22   Page 8 of 10

adequately plead a direct copyright infringement, plaintiff's contributory copyright claim would fail.").

### III. MR. CONCANNON'S VICARIOUS COPYRIGHT INFRINGEMENT CLAIM (COUNT III) SHOULD BE DISMISSED BECAUSE THE THIRD AMENDED COMPLAINT FAILS TO PLEAD SUFFICIENTLY A CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT.

"A defendant is liable for vicarious copyright infringement if it profits from direct infringement while declining to exercise a right to stop or limit it." *UMG Recording, Inc. v. Escape Media Grp., Inc.*, No. 11 CIV. 8407, 2014 WL 5089743, at *23 (S.D.N.Y. Sept. 29, 2014) (citations omitted). "[I]n order to establish [vicarious] liability, a plaintiff must demonstrate that the defendant: (1) had the right and ability to supervise the infringing activity and (2) has a direct financial interest in such activities." *Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305, 349 (N.D.N.Y. 2016) (citation and internal quotation marks omitted) (second alteration in original).

"There cannot be a finding of contributory or vicarious copyright infringement without a finding of direct infringement" *Alexander v. Murdoch*, No. 10 CIV. 5613, 2011 WL 2802923, at *8 (S.D.N.Y. July 14, 2011), aff'd, 502 F. App'x 107 (2d Cir. 2012), as amended (Nov. 16, 2012) (citing *Metro-Goldwyn-Mayer Studios Inc.*, 545 U.S. at 930). Indeed, courts in this Circuit have dismissed claims for vicarious copyright infringement where, as here, the plaintiff failed to plead sufficiently a claim for direct copyright infringement. *See*, *e.g.*, *id.* (dismissing claim for contributory and vicarious copyright infringement where there was no direct infringement); *Yash Raj Films (USA) Inc. v. Kumar*, No. CV-05-3811, 2009 WL 3046721, at *1 (E.D.N.Y. Sept. 23, 2009) (concluding the court need not address contributory or vicarious copyright infringement claims where the plaintiff failed to set forth a *prima facie* case for direct copyright infringement).

-5-

Here, Mr. Concannon's vicarious copyright infringement claim must be dismissed because Mr. Concannon has failed to plead sufficiently a claim for direct copyright infringement for the reasons set forth in LSI's Memorandum and Reply. *Metro-Goldwyn-Mayer Studios Inc.*, 545 U.S. at 930.

## CONCLUSION

For all the foregoing reasons, and those set forth in LSI's Memorandum and Reply Memorandum, LSAS respectfully requests that the Court dismiss the entire Third Amended Complaint.

<div style="text-align:right">

Respectfully submitted,

By: */s/ Andraya Pulaski Brunau*
Elizabeth A. Alquist (ct15643)
Andraya Pulaski Brunau (ct29715)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone: (860) 275-0137
Facsimile: (860) 881-2456
*eaalquist@daypitney.com*
*abrunau@daypitney.com*

*Attorneys for Defendants LEGO Systems, Inc. and LEGO System A/S.*

</div>

-7-

**CERTIFICATION**

I hereby certify that on September 2, 2022, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      _____*/s/ Andraya Pulaski Brunau*_____
                                                            Andraya Pulaski Brunau (ct29715)