UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>      Plaintiff,<br><br>      v.<br><br>LEGO SYSTEMS, INC., and<br>LEGO SYSTEM A/S,<br><br>      Defendants. | Civil Action No. 3:21-CV-1678 (JBA) |

**PLAINTIFF JAMES CONCANNON'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LEGO SYSTEM A/S'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Vivek Jayaram (admitted p.h.v.)
Elizabeth Austermuehle (admitted p.h.v.)
Jayaram Law, Inc.
142 West 57th Street, 11th Floor
New York, NY 10019
Telephone: (212) 287-5638
vivek@jayaramlaw.com
liz@jayaramlaw.com

Steven Coyle (ct21039)
Nicholas Geiger (ct28060)
Katherine Tassmer (ct31098)
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, CT 06103
Telephone: (860) 286-2929
scoyle@cantorcolburn.com
ngeiger@cantorcolburn.com
ktassmer@cantorcolburn.com

*Attorneys for Plaintiff James Concannon*

**TABLE OF CONTENTS**

**INTRODUCTION** ...................................................................................................................1

**FACTUAL BACKGROUND** ...................................................................................................2

**STANDARD OF REVIEW**......................................................................................................2

**ARGUMENT** ............................................................................................................................3

    I.    CONCANNON HAS SUFFICIENTLY ALLEGED CLAIMS FOR COPYRIGHT INFRINGEMENT (COUNT I), TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION (COUNT IV), AND VIOLATION OF CUTPA (COUNT V) AGAINST DEFENDANTS IN THE THIRD AMENDED COMPLAINT ....................3

    II.    CONCANNON HAS SUFFICIENTLY ALLEGED A CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST LSAS (COUNT II) 3

    III.    CONCANNON HAS SUFFICIENTLY ALLEGED A CLAIM FOR VICARIOUS COPYRIGHT INFRINGEMENT AGAINST LSAS (COUNT III) ...............................4

**CONCLUSION** ........................................................................................................................5

# **TABLE OF AUTHORITIES**

*Arista Recs. LLC v. Lime Grp. LLC,*
  784 F. Supp. 2d 398 (S.D.N.Y. 2011) ................................................................................4

*Ez-Tixz, Inc. v. Hit-Tix, Inc.,*
  919 F. Supp. 728 (S.D.N.Y. 1996) ......................................................................................3

*Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.,*
  443 F.2d 1159 (2d Cir.1971) ...............................................................................................3

*Rams v. Def Jam Recordings, Inc.,*
  202 F. Supp. 3d 376 (S.D.N.Y. 2016) ................................................................................3

Plaintiff James Concannon ("Concannon"), pursuant to Local Rule 7(a)(2), respectfully submits this Memorandum of Law in Opposition to Defendant LEGO System A/S's ("LSAS") Supplemental Memorandum of Law in Support of its Motion to Dismiss the Third Amended Complaint ("Motion," ECF No. 57).

## INTRODUCTION

Lego Systems, Inc. ("LSI") and LSAS (collectively, "Defendants") form part of the largest toy company in the world, generating billions of dollars in revenue a year. Concannon is a multi-disciplinary artist and designer, who has garnered significant critical acclaim. Concannon is a working artist, supporting himself, and his young child, through his art. Unfortunately, Defendants willfully misappropriated Concannon's work without accreditation or compensation. After Defendants refused to acknowledge or compensate Concannon for the use of his intellectual property, he was forced to file this lawsuit.

LSAS, through its Motion, joins LSI's motion to dismiss the Second Amended Complaint (ECF No. 35) and submits additional arguments regarding dismissal of Counts II and III of the Third Amended Complaint. However, like LSI's motion to dismiss, LSAS's Motion ignores the well-plead allegations of infringement in the Third Amended Complaint. Concannon incorporates and reasserts the arguments set forth in his Memorandum of Law in Opposition to LSI's Motion to Dismiss the Second Amended Complaint ("Opposition," ECF No. 43) as if fully set forth herein. In addition, Concannon has sufficiently pled Count II for contributory copyright infringement and Count III for vicarious copyright infringement against Defendants. Accordingly, LSAS's Motion should be denied.[1]

---

[1] The procedural posture of LSAS's Motion is not in dispute. *See* the Parties' Stipulation for James Concannon to File a Third Amended Complaint ("Stip."), ECF No. 46. Concannon's Second Amended Complaint alleges claims for direct, vicarious, and contributory copyright infringement,

1

## FACTUAL BACKGROUND

Concannon incorporates by reference the Factual Background section set forth in his Opposition. See Opposition, ECF No. 43, at 2-5.

To be clear, upon information and belief, LEGO A/S directly or indirectly owns the entire share capital in LSI, LSAS, and other subsidiaries formed around the world ("LEGO Subsidiaries"). *See* Third Amended Complaint, ¶ 10. LSAS uses the LEGO Subsidiaries, including LSI, to conduct business activities that include development, manufacturing, advertising, and distribution. *Id.*, ¶¶ 11-12. Concannon alleges that LSAS and LSI jointly conspired to create, advertise, and sell the "Queer Eye – The Fab 5 Loft" LEGO set (the "Infringing Product"), which directly copied Concannon's work (the "Concannon Jacket") without authorization of compensation, and that this violated Concannon's rights under the Copyright Laws of the United States, the Lanham Act, CUPTA, and the common law. *See* Third Amended Complaint, generally.

## STANDARD OF REVIEW

LSAS's Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Concannon incorporates by reference the Standard of Review section set forth in his Opposition. *See* Opposition, ECF No. 43, at 7.

---

trade dress infringement, and violation of the Connecticut Unfair Trade Practices Act against Defendants LSI and LEGO A/S. ECF No. 30. LSI filed a motion to dismiss the Second Amended Complaint, which has been fully briefed. *See* ECF Nos. 35, 36, 37, 43, 45. Simultaneously, the parties agreed to engage in limited discovery regarding LEGO A/S's role in the underlying dispute. *See* Stip., at 2. Pursuant to the information produced by LSI, Concannon agreed to substitute LSAS for LEGO A/S and to dismiss LEGO A/S as a defendant. *Id*. As a result, Concannon filed the Third Amended Complaint (ECF No. 48), which names LSI and LSAS as Defendants, but did not alter the substantive allegations brought by Concannon. *Id*. Specifically, the Third Amended Complaint contains minor changes in paragraphs 9-12, 16, 46, 55, 78-82, 86-88, and 94-98, which merely reflect the substitution of LSAS for LEGO A/S. *See* Stip., at 2; *see also* ECF 46-2, redline showing the changes from the Second Amended Complaint to the Third Amended Complaint.

2

**ARGUMENT**

I. **CONCANNON HAS SUFFICIENTLY ALLEGED CLAIMS FOR COPYRIGHT INFRINGEMENT (COUNT I), TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION (COUNT IV), AND VIOLATION OF CUTPA (COUNT V) AGAINST DEFENDANTS IN THE THIRD AMENDED COMPLAINT.**

Concannon's Third Amended Complaint sufficiently pleads that LSI and LSAS are liable for direct copyright infringement (Count I), trade dress infringement and unfair competition (Count IV), and violation of CUPTA (Count V). In response to LSAS's Motion, Concannon incorporates and restates by reference the arguments set forth in his Opposition as if fully set forth herein. *See* Opposition, ECF No. 43, at 7-24 (addressing Defendants' direct copyright infringement); 24-31 (addressing Defendants' trade dress infringement and unfair competition); and 32-33 (addressing Defendants' violation of CUPTA).

II. **CONCANNON HAS SUFFICIENTLY ALLEGED A CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST LSAS (COUNT II).**

"Contributory infringement liability is based upon the defendant's relationship to the direct infringement: if the defendant was implicated in the acts constituting the direct infringement, it may be held liable for contributory infringement." *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 732 (S.D.N.Y. 1996). To state a claim for contributory copyright infringement a plaintiff must allege that the defendant, "with knowledge of the infringing activity," induced, caused, or materially contributed to the infringing conduct of another. *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 383 (S.D.N.Y. 2016) (*quoting Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971)). The defendant's knowledge of the direct infringement may be actual or constructive. *Rams*, 202 F. Supp. 3d at 383.

Here, LSAS does not dispute that Concannon has properly pled LSAS's knowledge of the design, development, manufacture, advertising, or distribution of the Infringing Product. *See*

3

Motion, 4-5. Nor does LSAS dispute that Concannon has properly alleged that LSAS induced, caused, or materially contributed to Defendants' creation and sale of the Infringing Product. *Id*. Instead, LSAS *solely* argues that Concannon has failed to state a claim for direct copyright infringement. *Id*. However, for the reasons set forth in Concannon's Opposition, Concannon has sufficiently stated a claim for direct copyright infringement against Defendants. *See* Opposition, 7-24. Accordingly, LSAS's Motion to dismiss Count II of the Third Amended Complaint on the grounds that Concannon has not stated a claim for direct copyright infringement should be denied.

### III.  CONCANNON HAS SUFFICIENTLY ALLEGED A CLAIM FOR VICARIOUS COPYRIGHT INFRINGEMENT AGAINST LSAS (COUNT III).

To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant "(1) had the right and ability to supervise the infringing activity and . . . (2) has a direct financial interest in such activities." *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 434–35 (S.D.N.Y. 2011) (citations omitted). The first element of the test for vicarious liability is satisfied if the plaintiff shows that "the defendant had the ability to supervise or control the third parties' infringing activity and failed to do so." *Id*. at 435. "The second element of the vicarious infringement test requires showing a causal relationship between the infringing activity and any financial benefit the defendant reaps." *Id*. (quotations omitted).

Here, LSAS does not argue that Concannon has failed to meet either element required to establish vicarious copyright infringement. *See* Motion, 5-6. LSAS does not argue that Concannon has failed to allege that LSAS had the right and ability to supervise the infringing activity, or that LSAS had a direct financial interest in such activities. *Id*. Instead, LSAS again *solely* argues that Concannon's claim for vicarious copyright infringement fails because Concannon failed to state a claim for direct copyright infringement. *Id*. Again, however, for the reasons set forth in Concannon's Opposition, Concannon has sufficiently stated a claim for direct copyright

4

infringement against Defendants. *See* Opposition, 7-24. Accordingly, LSAS's Motion to dismiss Count III of the Third Amended Complaint on the grounds that Concannon has not stated a claim for direct copyright infringement should be denied.

## **CONCLUSION**

For all the foregoing reasons, this Court should deny LSAS's Motion to Dismiss the Third Amended Complaint and all other relief that it deems just and equitable.

Dated: September 23, 2022               Respectfully submitted,

                                                                    JAYARAM LAW, INC.

                                                                      By:    /s/ Elizabeth Austermuehle
                                                                               Vivek Jayaram (admitted p.h.v.)
                                                                                Elizabeth Austermuehle (admitted p.h.v.)
                                                                                Jayaram Law, Inc.
                                                                                142 West 57th Street
                                                                                11th Floor
                                                                                New York, NY 10019
                                                                                Telephone: (212) 287-5638
                                                                                vivek@jayaramlaw.com
                                                                                liz@jayaramlaw.com

                                                                                Steven Coyle (ct21039)
                                                                                Nicholas Geiger (ct28060)
                                                                                 Katherine Tassmer (ct31098)
                                                                                 Cantor Colburn LLP
                                                                                 20 Church Street, 22nd Floor
                                                                                 Hartford, CT 06103
                                                                                 Telephone: (860) 286-2929
                                                                                 scoyle@cantorcolburn.com
                                                                                 ngeiger@cantorcolburn.com
                                                                                 ktassmer@cantorcolburn.com

                                                                                *Attorneys for Plaintiff James Concannon*

## CERTIFICATE OF SERVICE

I, Elizabeth Austermuehle, hereby certify that on September 23, 2022, a true and correct copy of the foregoing document was filed electronically. A notice of this filing was emailed to all parties via the Court's CM/ECF System.

/s/ Elizabeth Austermuehle
Elizabeth Austermuehle (admitted p.h.v.)
