UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>                Plaintiff,<br><br>    v.<br><br>LEGO Systems, Inc. and<br>LEGO System A/S,<br><br>                Defendants. | Civil Action No. 3:21-CV-1678 (JBA)<br><br><br><br><br><br><br><br>March 28, 2023 |

**AMENDED RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26(f) of the United States District Court of the District of Connecticut, Plaintiff James Concannon ("Plaintiff") and Defendants LEGO Systems, Inc. ("LSI") and LEGO System A/S ("LSAS") (collectively "Defendants") submit this Amended Joint Rule 26(f) Report of the Parties' Planning Meeting. The Parties state as follows:[1]

| | |
|---|---|
| **Date Complaint Filed:** | December 17, 2021 |
| **Date Complaint Served on LSI:** | February 2, 2022 |
| **Date of LSI's Appearance:** | February 14, 2022 |
| **Date Amended Complaint Filed:** | February 15, 2022 |
| **Date Second Amended Complaint Filed:** | March 29, 2022 |

---

[1] On December 17, 2021, Plaintiff filed the Complaint against LSI and LEGO A/S. Doc. No. 1. Plaintiff and LSI submitted a Joint Rule 26(f) Report on March 30, 2022 (Doc. No. 31), and noted that the parties would submit a Revised Rule 26(f) Report once service was complete as to then-defendant LEGO A/S and/or the proper defendant was substituted for LEGO A/S. On June 13, 2022, Plaintiff filed a Third Amended Complaint against LSI and LSAS, and filed a notice of dismissal without prejudice as to former defendant LEGO A/S. Thereafter, LSAS appeared. On October 13, 2022, the Parties submitted an Amended Rule 26(f) Report (Doc. No. 60) and indicated that they would submit another revised Rule 26(f) after the Court ruled on Defendants' Motion to Dismiss (Doc. No. 34, 35, 57). On March 15, 2023 the Court ruled on LSI and LSAS's Motion to Dismiss (Doc. No. 66). Pursuant to the Court's March 15, 2023 Order, the Parties hereby submit an Amended Rule 26(f) Report.

**Date *Operative* Third Amended Complaint Filed:** June 13, 2022

| | |
|---|---|
| **Date Third Amended Complaint Served on LSAS:** | June 27, 2022 |
| **Date of LSAS's Appearance:** | August 24, 2022 |
| **Date of Decision of Motion to Dismiss** | March 15, 2023 |
| **Date of Answer Deadline** | March 29, 2023 |

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

**A.    Subject Matter Jurisdiction**

The parties agree that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) because the third amended complaint (Doc. No. 48) (the "Third Amended Complaint" or "TAC") asserts claims under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1125.

**B.    Personal Jurisdiction**

1.    <u>Plaintiff's Position</u>. Plaintiff has alleged facts sufficient to establish personal jurisdiction over both Defendants.

2.    <u>Defendants' Position</u>. LSAS and LSI do not contest personal jurisdiction in this matter.

### III. Brief Description of the Case

#### A. Plaintiff's Statement of the Case

James Concannon is a multi-disciplinary artist and designer based in Connecticut and New York. TAC ¶¶ 1, 18. In 2018, Concannon created a custom leather jacket (the "Concannon Jacket") as a gift for Antoni Porowski, one of the stars of Netflix's Queer Eye series and a fan of Concannon's work. TAC ¶¶ 3, 41. The Concannon Jacket features Concannon's original artwork and signature trade dress. *Id.*

In September 2021, the LEGO Group announced the release of a "Queer Eye – The Fab 5 Loft" LEGO set, which is based on the *Queer Eye* Netflix series. The Fab 5 Loft set includes a "LEGO version" of the Concannon Jacket. TAC ¶ 48. Despite admitting that it intentionally copied the Concannon Jacket when it developed the Fab 5 Loft set, the LEGO Group did not offer to compensate Concannon for copying his creation, did not ask Concannon's permission to copy his creation, and did not give Concannon any credit when it did copy his creation. *Id.* ¶¶ 5, 53-55.

Defendants' argument that Plaintiff's claims fail because the "LEGO Group has an express license to Antoni Porowski's likeness that includes . . . the [Concannon Jacket]" is meritless. Doc. No. 16 at 1. Defendants will be unable to adduce any evidence that Porowski's "likeness" somehow embodies the Concannon Jacket simply because Porowski has been photographed wearing the jacket on a handful of occasions. Indeed, throughout the marketing and instructional materials that are sold with the Fab 5 Loft set, Porowski is depicted in several places wearing things other than the Concannon Jacket. The Concannon Jacket is by no means a part of Porowski's likeness in the same way that permanent tattoos were found to be part of the basketball players' likenesses in *Solid Oak Sketches, LLC v. 2K Games, Inc.*, where the tattoos "were originally created as a means for the Players to express themselves through body art." 449 F. Supp. 3d 333, 347 (S.D.N.Y. 2020).

Both Defendants are liable for copyright infringement under 17 U.S.C. § 101, *et seq*. trade dress infringement under 15 U.S.C. § 1125(a), and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, *et seq*., based on their admittedly intentional copying of Concannon's copyright and trade dress.

### B.    Defendants' Defenses

LSI and LSAS do not agree with Plaintiff's Statement of the Case. LSI and LSAS assert that the Third Amended Complaint fails to state a cause of action for direct copyright infringement, 17 U.S.C. § 101, *et seq*. (Count I), contributory copyright infringement (Count II), vicarious copyright infringement (Count III), trade dress infringement, 15 U.S.C. § 1125(a) (Count IV), and violation of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110, *et seq*. (Count V). Counts I, II and III fail because the LEGO Group of Companies has an express license to Antoni Porowski's likeness that includes, *inter alia*, the Mackage leather jacket worn by him that is the subject of the Third Amended Complaint (the "Porowski Jacket"); the two works—the subject torso element of the Antoni Porowski LEGO Minifigure figurine (the "Subject Torso Element") in the Queer Eye – The Fab 5 Loft LEGO set (the "Set")—are not substantially similar; and any alleged use of the Porowski Jacket in creating the Subject Torso Element properly constitutes fair use. Count IV fails because Plaintiff has failed to adequately define his alleged trade dress in the line of Concannon Products, asserted in the Third Amended Complaint, under Second Circuit authority and, even if he had, Plaintiff does not have valid protectable trade dress as the elements he claims have not gained secondary meaning nor are they unique to Plaintiff. Count V (CUTPA) fails for the same reasons as his Lanham Act claim. Additionally, Plaintiff is estopped from bringing this action because he waived his rights to bring infringement claims by allowing Scout Production, Netflix, and Mr. Porowski to continue to publish and use the Porowski Jacket.

**IV.     Statement of Undisputed Facts**

The parties state that the following material facts are undisputed:

    1.     Plaintiff is domiciled in Connecticut.

    2.     LSI is incorporated in Delaware, with its principal place of business in Enfield, Connecticut.

    3.     LSAS is a foreign entity with its principal place of business in Billund, Denmark.

**V.     Case Management Plan**

    **A.     Initial Disclosures**

Initial disclosures will be served by April 12, 2023.

    **B.     Scheduling Conference with the Court**

The parties do not request a scheduling conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If the Court determines that a scheduling conference is necessary, Plaintiff requests that the scheduling conference be conducted by telephone. The LEGO Group expresses no preference, and is amenable to an in person scheduling conference.

    **C.     Early Settlement Conference**

    1.     The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

    2.     Consistent with Plaintiff's efforts to resolve this dispute without the need for litigation, Plaintiff believes an early settlement conference would be beneficial to both parties.

    3.     LSI and LSAS do not believe an early settlement conference is necessary at this time.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties and Amendment of Pleadings**

Plaintiff does not anticipate joining any additional parties or further amending the pleadings. However, Plaintiff reserves his right to seek leave to do so if new facts are learned in discovery that would justify such a request.

LSI and LSAS both reserve the right to join additional parties to the extent permitted by the Federal Rules of Civil Procedure.

**E. Discovery**

1. *Discovery Subjects.* The parties anticipate that discovery will be needed on the following subjects:

Plaintiff's Position:

a. Plaintiff's intellectual property rights, including his copyright registration and his trade dress;

b. Defendants' inspiration for, creation of, and design process for the LEGO Fab 5 Loft Set;

c. Defendants' knowledge of Plaintiff and/or his works prior to or during its creation of the LEGO Fab 5 Loft Set;

d. Defendants' marketing, promotion, distribution, and sales of the LEGO Fab 5 Loft Set;

e. The existence and scope of any implied or other license between Plaintiff and Mr. Porowski;

f. Facts and circumstances surrounding Defendants' fair use affirmative defense, including the purpose and character of Defendants' use of

Plaintiff's work, the nature of Plaintiff's copyrighted work, the amount and substantiality of Defendants' use of Plaintiff's copyrighted work; and the effect of Defendants' use on the market or potential market for the copyrighted work;

    g.    Plaintiff's marketing of his trade dress, and other factors relevant to the trade dress's acquired distinctiveness;

    h.    The likelihood of confusion between Plaintiff's trade dress and Defendants' product; and

    i.    Plaintiff's damages.

<u>Defendants' Position</u>: Defendants expressly do not concede that all of the topics identified by Plaintiff are relevant, or proportional, to the needs of this case. Defendants identify the following topics on which they anticipate taking discovery:

    a.    Plaintiff's alleged intellectual property rights including the asserted copyright and trade dress;

    b.    Plaintiff's line of "Concannon Products" asserted in the Third Amended Complaint;

    c.    Plaintiff's marketing, promotion, distribution, and sales of the "Concannon Products" as alleged in the Third Amended Complaint, including but not limited to Plaintiff's marketing of "Concannon Products" via his Instagram account (@jamesconcannonart) and any other social media accounts, and other factors related to Plaintiff's allegation that the asserted trade dress has acquired secondary meaning;

    d.    Facts and circumstances concerning the creation of the Porowski Jacket, including Mr. Porowski's purchase of the unadorned Mackage brand leather

jacket, Mr. Porowski's communications with Plaintiff about the Porowski Jacket, and Plaintiff's creation of each of the individual design elements on the Porowski Jacket;

e.  Facts and circumstances surrounding Plaintiff's gifting of the Porowski Jacket to Mr. Porowski;

f.  The lack of substantial similarity between the Porowski Jacket and the Subject Torso Element;

g.  Facts and circumstances demonstrating that the LEGO Group has a valid license to Mr. Porowski's likeness, which includes the Porowski Jacket;

h.  Licenses to Plaintiff's works, including those with ITV America, Scout Productions, Netflix, and Mr. Porowski;

i.  Plaintiff's history of creating and gifting Concannon Products to celebrities;

j.  Plaintiff's purported damages; and

k.  Facts and circumstances supporting Defendant's affirmative defenses.

2.  *Discovery Cutoff.* The parties agree that discovery will commence by April 14, 2023.

The Parties propose that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by **April 5, 2024**.

3.  *Discovery Phases.*  The Parties agree that discovery will be conducted in phases with fact discovery to close before expert discovery begins.

The Parties propose that fact discovery will be completed by **November 16, 2023**, and expert discovery will be completed by **April 5, 2024**.

    4.    *Depositions.*

Plaintiff does not yet know how many depositions of fact witnesses he will require but expects to take depositions of the individuals identified in Defendants' Rule 26 Initial Disclosures, Defendants' 30(b)(6) designees, and any expert witnesses identified by Defendants. Plaintiff does not anticipate that he will require more than 10 depositions. Plaintiff anticipates commencing depositions after written discovery is substantially completed and will complete fact witness depositions by **November 16, 2023**.

Defendants' Position: Defendants do not anticipate taking more than 10 fact witness depositions as this time. Defendants will complete fact witness depositions by **November 16, 2023**.

    5.    *Interrogatories.*

The parties do not request permission to serve more than 25 interrogatories at this time.

    6.    *Expert Witnesses.*

Plaintiff's Position: Plaintiff does not yet know if he will call expert witnesses at trial. Plaintiff proposes that the parties disclose all trial experts and serve all counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **December 15, 2023**, and depositions of Plaintiff's experts will be completed by **January 26, 2024**.

Plaintiff proposes that the parties disclose all trial experts and serve all counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do

not bear the burden of proof by **March 1, 2024**, and depositions of Plaintiff's experts will be completed by **April 5, 2024**.

Defendants' Position: Defendants anticipate calling at least one expert witnesses at trial. Defendants propose that the parties disclose all trial experts and serve all counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which the parties bear the burden of proof by **December 15, 2023**, and depositions of all such experts will be completed by **January 26, 2024**.

Defendants propose that the parties disclose all trial experts and serve all counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which the parties do not bear the burden of proof by **March 1, 2024**, and depositions of all such experts, including rebuttal experts, will be completed by **April 5, 2024**.

7.  *Damages Analysis.*

The Parties propose that a damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 15, 2023**.

8.  *Electronic Discovery.* Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree that determining specific search terms and production format is premature at this time, and agree to meet and confer on these issues

within 14 days of service of any requests for the production of documents. The parties confirm that they have been preserving evidence related to the causes of actions brought in the Third Amended Complaint since the threat or anticipation of this lawsuit.

9.   *Protective Order.* Undersigned counsel have discussed discovery procedures that minimize the risk of wavier of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to follow the general procedure set forth in Fed. R. Civ. P. 26(b)(5) for asserting claims of privilege. The parties intend to seek appropriate protective orders governing the exchange of confidential, trade secret, or business development information.

**F.   No Other Scheduling Issue**

The parties do not believe there are any other scheduling issues pertinent to this case.

**G.   Summary Judgment Motions**

The Parties propose that summary judgment motions, which must comply with Local Rule 56, be filed on or before **May 10, 2024**.

**H.   Joint Trial Memorandum**

The parties propose that the Joint Trial Memorandum will be filed within 30 days after rulings on any motions for summary judgment; if no motions for summary judgment are filed, the Joint Trial Memorandum shall be filed within 30 days of the close of discovery.

**VI.   Trial Readiness**

This case will be ready for trial 30 days after the filing of the parties' Joint Trial Memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

-12-

By: */s/ Vivek Jayaram*
    Vivek Jayaram (admitted p.h.v.)
    Elizabeth Austermuehle (admitted p.h.v.)
    Jayaram Law, Inc.
    142 West 57th Street
    11th Floor
    New York, NY 10019
    Telephone: (212) 287-5638
    *vivek@jayaramlaw.com*
    *liz@jayaramlaw.com*

    Steven Coyle (ct21039)
    Nicholas Geiger (ct28060)
    Cantor Colburn LLP
    20 Church Street, 22nd Floor
    Hartford, CT 06103
    Telephone: (860) 286-2929
    *scoyle@cantorcolburn.com*
    *ngeiger@cantorcolburn.com*

*Attorneys for Plaintiff James Concannon*

By: */s/ Elizabeth A. Alquist*
    Elizabeth A. Alquist (ct15643)
    Andraya Pulaski Brunau (ct29715)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    Telephone: (860) 275-0137
    Facsimile: (860) 881-2456
    *eaalquist@daypitney.com*
    *abrunau@daypitney.com*

*Attorneys for Defendants LEGO Systems, Inc. and LEGO System A/S*