UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>    Plaintiff,<br><br>v.<br><br>LEGO Systems, Inc. and<br>LEGO System A/S,<br><br>    Defendants. | Civil Action No. 3:21-CV-1678 (JBA)<br><br><br><br><br><br><br><br>MARCH 29, 2023 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants LEGO Systems, Inc. ("LSI") and LEGO System A/S ("LSAS") (collectively "Defendants"), by and through their attorneys, answer and state their affirmative defenses to Plaintiff James Concannon's ("Plaintiff") Third Amended Complaint dated June 13, 2022 (Doc. No. 48). Any allegation not expressly addressed herein is hereby denied.

## NATURE OF THE ACTION

1. Defendants admit only that Plaintiff has commenced a civil action for copyright and trademark infringement. Defendants deny the remaining allegations of Paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "James Concannon is a multi-disciplinary artist and designer based in Connecticut and New York" and that "LEGO is the largest toy company in the world," and leave Plaintiff to his proofs. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants deny plaintiff has any valid trade dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and leave Plaintiff to his proofs.

4. Defendants admit only that LSI announced the "Queer Eye – The Fab 5 Loft" set (the "Set") in September 2021 and that the Set includes an Antoni Porowski LEGO Minifigure figurine. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and leave Plaintiff to his proofs.

7. Paragraph 7 sets forth legal argument and conclusions to which no response is required. To the extent a response is required, defendants deny the allegations in Paragraph 7.

## PARTIES

8. Defendants admit that LEGO Systems, Inc. is a Delaware corporation with a principal place of business in Enfield, CT. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit only that LSI and LSAS are wholly owned by LEGO A/S. Defendants lack knowledge or information sufficient to form a belief as to the allegation that LEGO A/S "directly or indirectly owns the entire share capital" of "other subsidiaries formed around the world" because the phrase "other subsidiaries formed around the world" is vague, ambiguous and undefined; accordingly, Defendants leave Plaintiff to his proofs. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants admit only that Plaintiff represents that he is a resident of Connecticut. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and leave Plaintiff to his proofs.

## JURISDICTION AND VENUE

14. Defendants admit only that Plaintiff has brought this civil action pursuant to the U.S. Copyright Act, the Lanham Act, and the Connecticut Unfair Trade Practices Act. Defendants deny that Plaintiff has asserted viable claims under any statute, and deny the remaining allegations of Paragraph 14.

15. LSI and LSAS do not contest subject matter jurisdiction in this proceeding.

16. LSI and LSAS do not contest personal jurisdiction in this proceeding.

17. LSI and LSAS do not contest venue in this proceeding.

## FACTUAL BACKGROUND

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and leave Plaintiff to his proofs.

19. Defendants deny that Plaintiff has achieved notoriety and that Plaintiff's asserted line of t-shirts, jackets, and accessories (the "Concannon Products") are instantly recognizable. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and leave Plaintiff to his proofs.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and leave Plaintiff to his proofs.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and leave Plaintiff to his proofs.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and leave Plaintiff to his proofs.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and leave Plaintiff to his proofs.

30. Defendants deny Plaintiff has any valid Trade Dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and leave Plaintiff to his proofs.

31. Defendants deny Plaintiff has any valid Trade Dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and leave Plaintiff to his proofs.

32. Defendants deny Plaintiff has any valid Trade Dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and leave Plaintiff to his proofs.

33. Defendants deny Plaintiff has any valid Trade Dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and leave Plaintiff to his proofs.

34. Defendants deny Plaintiff has any valid Trade Dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and leave Plaintiff to his proofs.

35. Defendants deny Plaintiff has any valid Trade Dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and leave Plaintiff to his proofs.

36. Paragraph 36 sets forth legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37. Defendants admit only that Netflix launched the *Queer Eye* Netflix series in 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and leave Plaintiff to his proofs.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and leave Plaintiff to his proofs.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and leave Plaintiff to his proofs.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and leave Plaintiff to his proofs.

41. Defendants admit only that Plaintiff is asserting in this action Copyright Registration No. VA 2-276-952 that includes photographs of a Mackage leather jacket adorned with designs (the "Subject Designs"). Defendants deny Plaintiff has any valid Trade Dress. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and leave Plaintiff to his proofs.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and leave Plaintiff to his proofs.

43. Defendants admit only that the Subject Designs appeared in *Queer Eye* promotional media as early as March 4, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and leave Plaintiff to his proofs.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit the allegations in Paragraph 47.

48. Defendants admit that as of the filing of the Complaint on December 17, 2021, the Set retailed for $99.99. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants admit only that the torso element of the Antoni Porowski LEGO Minifigure figurine (the "Subject Torso Element") is intended to evoke the likeness of celebrity Antoni Porowski, and that the phrase "Rebuild the World", which appears on the Subject Torso Element, is proprietary to the LEGO Group. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Paragraph 53 is based on an inaccurate understanding of the law and purports to apply an incorrect legal standard. Defendants admit only that Defendants have not made any monetary payments to Plaintiff. Defendants deny that Defendants "exploited Concannon's

original artwork or trade dress in the global toy market." Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit only that Diego Sancho is an employee of LSAS, that Mr. Sancho states that Antoni "has a really iconic leather jacket that we redid in LEGO version" in the video available at https://www.youtube.com/watch?v=RDGxA14iA7c, and that the video shows the Subject Torso Element. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit only that Matthew Ashton and Diego Sancho are employees of LSAS and appear in the video available at https://www.youtube.com/watch?v=RDGxA14iA7c. Defendants deny Plaintiff's characterizations of the video and deny the remaining allegations in Paragraph 55.

56. Defendants admit only that the Subject Torso Element is depicted on the Set's packaging. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants admit only that the Set was offered for sale at www.lego.com, at LEGO retail stores, and at brick and mortar retail locations within the United States. Defendants deny that the Subject Torso Element or the Set infringes any of Plaintiff's alleged intellectual property rights.

59. Defendants admit only that the Subject Torso Element has appeared in promotional media for the Set, including on social media. Defendants deny that the Subject Torso Element infringes Plaintiff's asserted intellectual property. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and leave Plaintiff to his proofs.

60. Defendants admit only that Plaintiff contacted customer service for the LEGO Group. Defendants deny the remaining allegations in Paragraph 60.

61. Defendants admit only that Plaintiff's counsel sent a cease and desist letter. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and leave Plaintiff to his proofs.

62. Defendants deny Plaintiff retained any intellectual property rights in the Subject Designs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and leave Plaintiff to his proofs.

63. The allegations in Paragraph 63 are inappropriate, should not be included in any pleading per Federal Rule of Evidence 408, and in any event mischaracterize the referenced telephone conversation. Defendants deny the allegations in Paragraph 63.

64. The allegations in Paragraph 64 are inappropriate, should not be included in any pleading per Federal Rule of Evidence 408, and in any event mischaracterize the referenced telephone conversation. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Paragraph 66 sets forth legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and leave Plaintiff to his proofs.

68. Defendants deny the allegations in Paragraph 68.

## COUNT I:
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *ET SEQ.*)
## (AGAINST ALL DEFENDANTS)

69. Defendants repeat their responses to Paragraph 1 through 68 of Plaintiff's Third Amended Complaint as if set forth fully herein.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 because the phrase "original artwork and design" is vague, ambiguous and not defined in the Third Amended Complaint; Defendants leave Plaintiff to his proofs and deny the remaining allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

## COUNT II:
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## (AGAINST LEGO SYSTEM A/S)

77. Defendants repeat their responses to Paragraph 1 through 76 of Plaintiff's Third Amended Complaint as if fully set forth herein.

78. Defendants admit the allegations in Paragraph 78.

79. Defendants admit the allegations in Paragraph 79.

80. Defendants admit only that Matthew Ashton and Diego Sancho are employees of LSAS and were involved in the creation of the Set. Defendants deny the remaining allegations in Paragraph 80.

81. Defendants admit only that Matthew Ashton and Diego Sancho are employees of LSAS and were involved in the creation of the Set, and that LSI advertises and distributes the Set in the United States. Defendants deny the remaining allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants to form a belief as to the truth of the allegations in Paragraph 84 as "original artwork and design" is undefined in the Third Amended Complaint. Defendants deny the remaining allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants admit only that Plaintiff's counsel sent a letter to R. Scott Slifka, Esq., Vice President and General Counsel for the Americas at the LEGO Group. Defendants deny the remaining allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

### COUNT III:
### VICARIOUS COPYRIGHT INFRINGEMENT
### (AGAINST LEGO SYSTEM A/S)

93. Defendants repeat their responses to Paragraph 1 through 92 of Plaintiff's Third Amended Complaint as if fully set forth herein.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants admit only that Plaintiff's counsel sent a letter to R. Scott Slifka, Esq., Vice President and General Counsel for the Americas at the LEGO Group. Defendants deny the remaining allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

## COUNT IV:
## FEDERAL TRADE DRESS INFRINGEMENT
## 15 U.S.C. § 1125(A)

103. Defendants repeat their responses to Paragraph 1 through 102 of Plaintiff's Third Amended Complaint as if fully set forth herein.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

## COUNT V:
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
## (CONN. GEN. STAT. § 42-110A, *ET SEQ.*)

113. Defendants repeat their responses to Paragraph 1 to 112 of Plaintiff's Third Amended Complaint as if set forth fully herein.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any of the relief requested in his Prayer for Relief and pray that judgment be entered for Defendants on all of Plaintiff's claims, awarding Defendants their costs and fees and such other and further relief as the Court deems appropriate.

## DEFENDANTS' FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT OF COPYRIGHT)

Defendants do not and have not infringed Plaintiff's copyright for the Subject Designs because the alleged copying was not wrongful, more than *de minimus*, and the two works are not substantially similar because an average lay observer would not recognize the Subject Torso Element as having been appropriated from the Subject Designs.

## DEFENDANTS' SECOND AFFIRMATIVE DEFENSE
## (TRADEMARK AND TRADE DRESS INVALIDITY)

Plaintiff's claimed common law trademark and trade dress in "tongue-in-cheek phrases relating to pop culture, with hand-painted, graffiti-style lettering" is invalid and unenforceable. Furthermore, despite claiming trademark rights, Plaintiff has not alleged any in any of the four complaints he has filed.

## DEFENDANTS' THIRD AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT OF TRADEMARK AND TRADE DRESS)

Defendants do not and have not infringed Plaintiff's trademark or trade dress.  Plaintiff does not have any distinct mark or trade dress that identifies Plaintiff as the source of his asserted products. Moreover, there is no likelihood of confusion between the Subject Designs and the Subject Torso Element.

## DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE
## (FAIR USE)

Defendants alleged use of the Subject Designs is entitled to fair use under 17 U.S.C. § 107 because the use was transformative. The purpose and character of the use was to accurately portray celebrity Antoni. Porowski's likeness, as was the nature of the copyrighted work. Furthermore, the Subject Torso Element does not copy the registered work in its entirety but merely conjures up enough to fulfill its transformative purpose, and the Subject Torso Element does not serve as a substitute for the Subject Designs.

## DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE
## (IMPLIED LICENSE)

Defendants had an implied, non-exclusive license to use the Subject Designs as part of their license to the likeness of Antoni Porowski. Plaintiff created the Subject Designs at

Mr. Porowski's request and handed over the jacket adorned with the Subject Designs, intending that Mr. Porowski copy and distribute it. Plaintiff's intent to have Mr. Porowski copy and distribute the copyrighted work is inferred because Plaintiff knew that Mr. Porowski was likely to appear in public, on television, in commercials, or in other forms of media with Subject Designs.

### DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE
### IN THE ALTERNATIVE
### (EQUITABLE ESTOPPEL AND WAIVER)

Alternatively, Plaintiff's claims are barred, in whole or in part by equitable doctrines, including equitable estoppel and waiver. Through his conduct or verbal representations, Plaintiff clearly and unequivocally waived any his alleged intellectual property rights in the Subject Designs by failing to assert his rights at the time he delivered the jacket with the Subject Designs to Mr. Porowski, and by failing to object when the Subject Designs was featured on the *Queer Eye* Netflix show, and in promotional media for the show. Defendants reasonably relied on Plaintiff's failure to assert any rights in the Subject Designs to their detriment in designing the Subject Torso Element pursuant to a license to Mr. Porowski's likeness from Scout Productions.

### DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE
### IN THE ALTERNATIVE
### (LACHES)

Alternatively, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches as Plaintiff unreasonably delayed registering and asserting copyrights to the Subject Designs, though he was aware the jacket adorned with the Subject Designs was featured in Mr. Porowski's promotional media, promotional media for the *Queer Eye* Netflix show, and the *Queer Eye* Netflix show. Defendants are prejudiced by this delay because Defendants relied upon Mr. Porowski's likeness as portrayed in the show when creating the Subject Torso Element.

### DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Third Amended Complaint fails to state a claim upon which relief can be granted.

### DEFENDANTS' NINTH AFFIRMATIVE DEFENSE
### (LIMITATION ON DAMAGES AND COSTS)

Plaintiff is not entitled to any statutory damages or attorney's fees under the Copyright Act, 17 U.S.C. §§ 504 and 505, because the copyright registration for the Subject Designs was filed more than three months after Plaintiff published the Subject Designs and after the alleged infringement. 17 U.S.C. § 412.

DATED: March 29, 2023

Respectfully submitted,

By: */s/ Andraya P. Brunau*
Elizabeth A. Alquist (ct15643)
Andraya Pulaski Brunau (ct29715)
Emily M. Ferriter Russo (ct31354)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone: (860) 275-0137
Facsimile: (860) 881-2456
*eaalquist@daypitney.com*
*abrunau@daypitney.com*
*eferriterrusso@daypitney.com*

*Attorneys for Defendants LEGO Systems, Inc. and LEGO System A/S*

## CERTIFICATION

I hereby certify that on March 29, 2023, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Andraya P. Brunau*
Andraya P. Brunau