UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>              Plaintiff,<br><br>v.<br><br>LEGO Systems, Inc. and<br>LEGO System A/S,<br><br>              Defendants. | Civil Action No. 3:21-CV-1678 (JBA)<br><br><br><br><br><br><br><br>March 29, 2023 |

## DEFENDANTS' MOTION TO SEAL

Pursuant to Rule 5(e) of the Local Rules of Civil Procedure for the District of Connecticut (the "Local Civil Rules") and the Court's March 15, 2023 Order (Doc. No. 66), Defendants LEGO Systems, Inc. ("LSI") and LEGO System A/S ("LSAS") (collectively, the "LEGO Group"), hereby move to file under seal portions of the confidential license agreement between LSAS and non-party Scout Productions Inc. ("Scout Productions") (the "License Agreement") attached to LSI's Memorandum of Law in Support of its Motion to Dismiss the Second Amended Complaint (the "Memorandum") (Doc. No. 35) as Exhibit 1. The License Agreement is marked confidential and contains a confidentiality clause prohibiting public disclosure unless required by law or Court order. Further, the License Agreement contains confidential information, and public disclosure would impose a competitive disadvantage to the LEGO Group's inbound licensing program as set forth herein.

## I.  LEGAL STANDARD

The presumption of public access to documents filed with the Court is not absolute. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013) (citing *Matter of N.Y. Times Co.*, 828 F.2d 110, 114–16

(2d Cir. 1987), *cert. denied*, 485 U.S. 977 (1988)). Courts have the inherent power to seal documents and court records where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enter. Co. v. Sup. Ct.*, 478 U.S. 1, 13–14 (1986)). Rule 5(e) of the Local Civil Rules provides that the Court may seal a document by an order which "shall include particularized findings demonstrating that sealing is supported by ***clear and compelling reasons*** and is narrowly tailored to serve those reasons." D. Conn. L. Civ. R. 5(e)(3) (emphasis added).

## II.     ARGUMENT

There are clear and compelling reasons to grant this Motion and seal the redacted portions of the confidential intellectual property License Agreement between the LEGO Group and non-party Scout Productions.

By way of background, the LEGO Group offers toys, and other goods and services, under numerous themes, including:

| | |
|---|---|
| LEGO® Architecture | LEGO® Art |
| LEGO® Batman® | LEGO® Avatar |
| LEGO BrickHeadz | LEGO® Education |
| LEGO® Brick Sketches™ | LEGO® Icons |
| LEGO® City | LEGO® Indiana Jones™ |
| LEGO® Classic | LEGO® Super Mario™ |
| LEGO® Creator | LEGO® Lord of the Rings™ |
| LEGO® Creator Expert | LEGO® Marvel™ |
| LEGO® DC Universe™ | LEGO® Mindstorms® |
| LEGO® Disney™ | LEGO® Minecraft® |
| LEGO® Dots | LEGO® Minifigures |
| LEGO® DUPLO® | LEGO® Minions |
| LEGO® Friends | LEGO® Monkie Kid™ |
| LEGO® Harry Potter™ | LEGO® Ninjago® |
| LEGO® Ideas | LEGO® Powered UP |
| LEGO® Jurassic World™ | LEGO® Serious Play®. |

*See* www.lego.comn/en-us/themes (last visited March 29, 2023). As demonstrated by the above list, several LEGO® themes are based on popular television, movie, and video and computer

-3-

game franchises (e.g., the Batman® franchise, the Harry Potter™ franchise, the Jurassic World™ franchise, the Minecraft® franchise) and third-party intellectual property assets (e.g., Disney™ characters) in addition to LEGO Group intellectual property assets (e.g., the LEGO Minifigure figurine). As a result, the LEGO Group regularly negotiates and obtains inbound intellectual property licenses in order to design, develop, and sell toys and other goods and services (e.g., The LEGO® Batman® movie).

Requiring the LEGO Group to disclose all terms of the confidential License Agreement with Scout Productions (including, the term of the license, renewal options, royalty rates, the geographic area for the licensed products, formulas for calculating required royalty payments, required insurance coverage, indemnity obligations, choice of law / forum selection clauses, and the timeline for the LEGO Group to perform under the License Agreement) would place the LEGO Group at a competitive disadvantage in negotiating future license agreements (and renewing existing license agreements). Specifically, the above-referenced terms typically are hotly contested in intellectual property licensing negotiations, and public disclosure of these terms would give licensors leverage to demand the LEGO Group agree to the same terms for future licenses, which may impact the LEGO Group's ability to secure inbound licenses and offer competitive and in-demand products. Similarly, disclosure of the redacted portions of the confidential License Agreement has the potential to place non-party Scout Productions—a production company that develops television shows, documentaries, and video content for NBC, Peacock, FX, Hulu, Netflix, Disney+, HBOMax, and other companies—at a competitive disadvantage in negotiating future license agreements for goods and services based on television shows, documentaries, and video content.

The competitive risks posted by public disclosure of intellectual property license agreements are precisely why courts in this Circuit have held that intellectual property license agreements are "presumptively sealable," Doc. No. 66 at 12 (citing *Rubik's Brand Ltd. v. Flambeau, Inc*., No. 17-CV-6559 (PGG)(KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021)), and have granted motions to seal intellectual property license agreements. *See*, *e.g.*, *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (granting plaintiff's motion to file under seal an unredacted version of the First Amended Complaint as it included, *inter alia*, non-public terms of the patent license); *see also Travelers Indem. Co. v. Excalibur Reinsurance* Corp., No. 3:11-CV-1209 (CSH), 2012 WL 13029590, at *6 n.10 (D. Conn. Apr. 13, 2012) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)) ("[C]ourts may consider sealing documents, in whole or in part, on the grounds that they contain confidential business information.").

Here, the Court should grant the LEGO Group's Motion because there are compelling reasons to seal the redacted information in the License Agreement (Exhibit 1 to the Memorandum), and granting this Motion is the least restrictive means of preserving the LEGO Group's interests in the confidentiality of the redacted information. The LEGO Group has limited its redactions to information that, if publicly disclosed, would put the LEGO Group at a competitive disadvantage in future licensing discussions, and "negatively impact the entities' negotiating capabilities." *Refco Grp. Ltd.*, *LLC v. Cantor Fitzgerald, L.P*., No. 13 CIV. 1654 (RA)(HBP), 2015 WL 4298572, at *4, *5, *5 n.10 (S.D.N.Y. July 15, 2015) (sealing "confidential information concerning a[] [license] agreement with a non-party entity" because disclosure of the scope and compensation would competitively disadvantage the entities); *VLSI Tech. LLC v. Intel Corp*., No. 17-CV-05671-BLF, 2021 WL 6063965, at *2 (N.D. Cal. Dec. 22,

-4-

2021) (sealing "the *types* of patents licensed and the financial terms of the agreement" (emphasis added)).  Specifically, the LEGO Group's redactions pertain to:

- The license term, renewal rights, geographic scope, and information relating to the sell-off period, termination rights, and timeline for performance of various portions of the License Agreement (License Agreement, at 2–3, 8, 13–14, 21–22);

- The cost of the license (i.e., royalty rates, minimum guarantees, payment schedules, calculation of payments due under the License Agreement, applicable fees and interest rates) and treatment of tax liabilities (*id.* at 2–3, 5–6, 12–13, 15, 19, 21);

- The approval process for the licensed products (*id.* at 8);

- Bank account name, number, and routing information (*id.* at 12);

- The LEGO Group and Scout Productions' indemnity obligations and limitations of liability (*id.* at 9, 18, 23);

- The types of confidential marketing and sales information that Scout Productions requested the LEGO Group provide in certain circumstances (*id.* at 9–10);

- Financial information relating to the parties' audit rights (*id.* at 11, 13–14);

- Confidential information regarding the LEGO Group and Scout Productions' respective intellectual property rights in the Licensed Product and as a result of the License Agreement (*id*. at 16-17);

- The LEGO Group and Scout Productions' rights with respect to policing and enforcement of intellectual property rights in the Licensed Product (*id.* at 17);

- The parties' insurance coverage obligations (*id.* at 18, 19); and

- The governing law and forum selection clause for the License Agreement (*id.* at 26).

This information is sensitive business information and should be sealed. *See*, *e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-CV-11386 (VSB)(KHP), 2022 WL 3910584, at *1–2 (S.D.N.Y. Aug. 31, 2022) (sealing letter including "sensitive and proprietary business information").

## III. <u>CONCLUSION</u>

WHEREFORE, the LEGO Group respectfully requests that the Court seal the redacted portions of Exhibit 1 to its Memorandum (the License Agreement). Consistent with Local Rule 5(e)(4), the LEGO Group has filed electronically a redacted copy of Exhibit 1 (the License Agreement).

        Respectfully submitted,

By: */s/ Andraya P. Brunau*
    Elizabeth A. Alquist (ct15643)
    Andraya Pulaski Brunau (ct29715)
    Emily M. Ferriter Russo (ct31354)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    Telephone:  (860) 275-0137
    Facsimile:   (860) 881-2456
    *eaalquist@daypitney.com*
    *abrunau@daypitney.com*
    *eferriterrusso@daypitney.com*

    *Attorneys for Defendants LEGO Systems, Inc. and LEGO System A/S.*

**CERTIFICATION**

I hereby certify that on March 29, 2023, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                  */s/ Andraya P. Brunau*_____
                                                                     Andraya P. Brunau