UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>Plaintiff,<br><br>v.<br><br>LEGO Systems, Inc. and<br>LEGO System A/S,<br><br>Defendants. | Civil Action No. 3:21-CV-1678 (OAW)<br><br><br><br><br><br><br><br>December 18, 2024 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants, LEGO Systems, Inc. ("LSI") and LEGO System A/S ("LSAS") (collectively, the "LEGO Group"), by and through undersigned counsel, hereby move for summary judgment on Plaintiff James Concannon's ("Concannon") claims in the Third Amended Complaint (ECF No. 48), which asserts three claims against the LEGO Group for copyright infringement, 17 U.S.C. § 101 (Count I), trade dress infringement and unfair competition, 15 U.S.C. § 1125(a) (Count IV), and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*. ("CUTPA") (Count V), two claims against LSAS, the entity that designed the *Queer Eye – The Fab 5 Loft* construction set (the "Set"), for contributory copyright infringement (Count II) and vicarious copyright infringement (Count III). The LEGO Group also moves for summary judgment on its affirmative defenses of non-infringement (First and Third Affirmative Defenses), trademark and trade dress invalidity (Second Affirmative Defense), fair use (Fourth Affirmative Defense), and implied license (Fifth Affirmative Defense). ECF No. 70.

As set forth fully in the LEGO Group's accompanying memorandum of law, the LEGO Group is entitled to summary judgment. First, the LEGO Group is entitled to summary judgment

on Concannon's claim for direct copyright infringement (Count I) because there is no question of material fact that the LEGO Group had an express license to Antoni Porowski's ("Porowski") likeness and that Concannon granted Porowski an implied, non-exclusive license in and to the adornments on the Porowski Jacket, as part of Porowski's likeness when he provided the jacket to Porowski for free for Porowski to wear on the Netflix show *Queer Eye*. The LEGO Group is further entitled to summary judgment on Concannon's direct copyright infringement claim for the separate and independent reason that any use by the LEGO Group of the adornments on the Porowski Jacket are transformative fair use as the LEGO Group evoked Porowski's likeness and highlighted the brand collaboration between it and *Queer Eye*. For these reasons, the LEGO Group is entitled to summary judgment on its affirmative defenses of non-infringement. Second, because Concannon's claim for direct copyright infringement fail, it is axiomatic that Concannon's indirect copyright infringement claims (contributory and vicarious liability) fail, and the LEGO Group is entitled to summary judgment as to Counts II and III. Third, the LEGO Group is entitled to summary judgment on Concannon's claim for trade dress infringement and unfair competition as Concannon has failed to establish secondary meaning in his asserted trade dress, which is fatal to his claim. Concannon has also failed to show any likelihood of confusion between the LEGO Group's construction toy element and Concannon's asserted trade dress—a one-off painted leather jacket, or any other product he sells—warranting summary judgment for the LEGO Group. Fourth, because Concannon's claim for trade dress infringement fails, the LEGO Group is entitled to summary judgment on Concannon's unfair competition claim.

WHEREFORE, the LEGO Group respectfully request the Court grant this Motion and enter summary judgment for the LEGO Group as to each of Concannon's claims.

                Respectfully submitted,

By:  */s/ Elizabeth A. Alquist*
     Elizabeth A. Alquist (ct15643)
     Andraya Pulaski Brunau (ct29715)
     Emily M. Ferriter Russo (ct31354)
     Caitlin M. Barrett (ct31379)
     Day Pitney LLP
     Goodwin Square
     225 Asylum Street
     Hartford, CT 06103-1212
     Telephone: (860) 275-0137
     Facsimile: (860) 881-2456
     *eaalquist@daypitney.com*
     *abrunau@daypitney.com*
     *eferriterrusso@daypitney.com*
     *cbarrett@daypitney.com*

     *Attorneys for Defendants LEGO Systems, Inc. and LEGO System A/S*

## **CERTIFICATION**

    I hereby certify that on December 18, 2024, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


  */s/ Elizabeth A. Alquist*
    Elizabeth A. Alquist