UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES CONCANNON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LEGO Systems, Inc. and<br>LEGO System A/S,<br><br>　　　　　Defendants. | Civil Action No. 3:21-CV-1678 (OAW)<br><br><br><br><br><br><br>February 28, 2025 |

### DEFENDANTS' MOTION TO SEAL

Pursuant to Rule 5(e) of the Local Rules of Civil Procedure for the District of Connecticut (the "Local Civil Rules") and the Court's March 15, 2023 Order (ECF No. 66), Defendants LEGO Systems, Inc. and LEGO System A/S (collectively, the "LEGO Group"), hereby move to seal the following documents submitted in connection with its Reply Brief in Support of Defendants' Motion for Summary Judgment (ECF No. 136):

1. Exhibit 1 to the Declaration of Andraya Brunau in Support of the LEGO Group's Reply Brief in Support of its Motion for Summary Judgment dated February 28, 2025 ("Brunau Declaration II");

2. Portions of the LEGO Group's Reply Brief in Support of its Motion for Summary Judgment, which refer to confidential information contained in the Declaration of Andraya Brunau in Support of the LEGO Group's Motion for Summary Judgment dated December 18, 2024 (ECF No. 116) ("Brunau Declaration I) at Exhibits 16 and 29; and

3. Portions of the LEGO Group's Response to Plaintiff James Concannon's ("Concannon")  Local Rule 56(a)(2) Statement of Additional Material Facts ("Concannon's 56(a)(2) Statement"), which refer to confidential material contained in Concannon's 56(a)(2) Statement and Exhibit 1 to the Brunau Declaration II.

Exhibit 1 to the Brunau Declaration II includes additional transcript pages from the May 14, 2024 deposition of Matthew Ashton that includes quotations from, and discussion of, the LEGO Group's confidential design documents for the *Queer Eye – The Fab 5 Loft Set* (the "Set"). The information

referenced in Exhibits 16 and 29 of the Brunau Declaration I are already the subject of the LEGO Group's Motion to Seal filed concurrently with its Motion for Summary Judgment, which is currently pending. ECF No. 115.

With respect to Concannon's Local Rule 56(a)(2) Statement, the LEGO Group has redacted the same portions of Concannon's additional facts as Concannon (ECF No. 131), which includes (1) confidential communications between non-parties Scout Productions, Inc. ("Scout") and IMG Worldwide LLC, (2) quotations from the LEGO Group's internal communications regarding the design documents for the Set, and (3) certain communications between the LEGO Group and IMG regarding the design of the Set. The LEGO Group has also redacted text messages produced by Concannon and Concannon's financial information which Concannon designated "Confidential" pursuant to Standing Protective Order (ECF No. 5) ("Protective Order").

For the same reason, the portion of the Reply Brief that refers to Concannon's confidential information should be sealed.

## LEGAL STANDARD

The presumption of public access to documents filed with the Court is not absolute. *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013) (citing *Matter of N.Y. Times Co.*, 828 F.2d 110, 114–16 (2d Cir. 1987), *cert. denied*, 485 U.S. 977 (1988)). Courts have the inherent power to seal documents and court records where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enter. Co. v. Sup. Ct.*, 478 U.S. 1, 13–14 (1986)). Rule 5(e) of the Local Civil Rules provides that the Court may seal a document by an order which "shall include particularized findings demonstrating that sealing is supported by ***clear and***

-3-

*compelling reasons* and is narrowly tailored to serve those reasons." D. Conn. L. Civ. R. 5(e)(3) (emphasis added).

## ARGUMENT

There are compelling reasons to seal the portion of Ashton's deposition transcript discussing the LEGO Group's design documents (filed under seal at Pl.'s Ex. 3). This document contains the LEGO Group's confidential and proprietary design information, and the deposition testimony of Ashton includes discussion of the LEGO Group's design process. Public disclosure of this information would be detrimental to the LEGO Group and provides competitive insight into the LEGO Group's processes, including design and marketing of its products.

With respect to the documents produced by Concannon and non-party Scout, Concannon and Scout designated these documents (text messages, Instagram messages, e-mail messages, and sales information) as "Confidential" under the Protective Order. The Protective Order prohibits public disclosure of such documents unless required by law or Court order.

For the same reason, the portions of the LEGO Group's response to Concannon's 56(a)(2) Statement that refer to these documents should be sealed.

## CONCLUSION

WHEREFORE, the LEGO Group respectfully requests that the Court seal (1) Exhibit 1 to the Brunau Declaration II, (2) the redacted information in the LEGO Group's Reply Brief, and (3) the redacted information in the LEGO Group's Response to Concannon's 56(a)(2) Statement. Consistent with Local Rule 5(e)(4), the LEGO Group will contemporaneously file redacted copies.

-4-

                                      Respectfully submitted,

By:   */s/ Andraya P. Brunau*
       Elizabeth A. Alquist (ct15643)
       Andraya Pulaski Brunau (ct29715)
       Caitlin M. Barrett (ct31379)
       Day Pitney LLP
       225 Asylum Street
       Goodwin Square
       Hartford, CT 06103-1212
       Telephone:  (860) 275-0137
       Facsimile:   (860) 881-2456
       *eaalquist@daypitney.com*
       *abrunau@daypitney.com*
       *cbarrett@daypitney.com*

       *Attorneys for Defendants LEGO Systems, Inc. and LEGO System A/S.*

## **CERTIFICATION**

     I hereby certify that on February 28, 2025 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                      _/s/ Andraya P. Brunau_____
                                                                         Andraya P. Brunau